```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

United States of America,            :

      Plaintiff,                   :

   v.                                :   Case No. 2:06-cv-107

Eight Thousand One and 00/100        :   MAGISTRATE JUDGE KEMP
Dollars ($8,001.00)
in United States Currency,           :

      Defendant.                   :

<u>ORDER</u>

   Plaintiff, The United States of America, filed this forfeiture action on February 10, 2006, seeking forfeiture of eight thousand and one dollars in United States currency which was seized from Beth Littlefield-Moxley on August 19, 2005.  On September 25, 2006, Ms. Littlefield-Moxley filed an answer to the complaint, and she subsequently moved for leave to file a verified claim.  The United States, in response, has moved to strike the answer and has opposed Ms. Littlefield-Moxley's request to file her claim.  For the following reasons, the Court will deny all pending motions without prejudice to Ms. Littlefield-Moxley's renewal of her motion to file a claim so long as that motion is accompanied by proper supporting documentation.

I.

   It is necessary to recite the procedural history of this case in some detail in order to place the two pending motions into proper context.  That history, as reflected on the Court's docket sheet, can be summarized as follows.

   The complaint was filed on February 10, 2006.  Because this

is a forfeiture action, this case is governed by the Supplemental Rules For Certain Admiralty And Maritime Claims.  Rule C contains certain special provisions for *in rem* actions.  Rule C(6)(a) provides that in civil forfeiture actions, any person who asserts an interest in the property subject to the action must file a verified statement identifying that interest within thirty days after either being served with the complaint or after a completed publication of notice of the action which has been published in accordance with Rule C(4).  Any person who files such a verified statement must file an answer within twenty days thereafter. Rule C(6)(a)(i)(B), which is set forth as an alternative to the rule requiring the service of a verified claim within thirty days after service or publication, allows that verified statement to be made within such other time that the Court may allow.

     The United States attempted formal service of the forfeiture complaint on Ms. Littlefield-Moxley.  However, on May 2, 2006, July 27, 2006, and September 5, 2006, the United States filed returns of service indicating that three different certified mailings sent to Ms. Littlefield-Moxley at three different addresses were all returned unclaimed.  In the meantime, the United States completed service by publication, publishing the required notice in the *Daily Reporter* on April 3, April 10, and April 17, 2006.  The United States did not, however, move for an order of forfeiture based upon Ms. Littlefield-Moxley's failure to file a claim.

     On September 5, 2006, the Court directed the United States to file a status report outlining the steps necessary to bring the case to resolution.  The subsequently-filed status report indicated that the United States would move for a decree of forfeiture on or before October 3, 2006.  Although the United States acknowledged that it had not directly served Ms. Littlefield-Moxley, it noted both the fact of publication and the

fact that a copy of the verified complaint, warrant of arrest *in rem*, and summons were sent to Ms. Littlefield-Moxley's attorney, E. Scott Shaw, on March 2, 2006 and received by him the next day.

Six days after the status report was filed, Ms. Littlefield-Moxley filed an answer.  She did not, however, file a verified claim.  As a result, the United States filed its motion to strike the answer, arguing that the time for filing a verified claim had passed and that the answer was also late.  Without having filed a verified claim, the United States argued that Ms. Littlefield-Moxley lacked standing to contest the forfeiture and that her answer should therefore be stricken.

As part of her response to the motion to strike, Ms. Littlefield-Moxley filed a motion for leave to submit a verified claim out of time.  In her motion, she acknowledges that her answer was late and that she has yet to file a verified claim, but she asks the Court to excuse those failures.  In response, the United States cites a number of cases noting that strict compliance with Rule C(6) is generally required and asking the Court to enforce the rule strictly in this situation.

## II.

There is no question that the District Court has discretion to enlarge the time for filing both a verified claim and an answer in a civil forfeiture case.  Rule C itself provides that the verified claim is due thirty days after the completion of service or at such other time as the Court may allow.  A number of factors have been identified which should be used by the Court in determining whether to exercise its discretion in favor of granting an extension of these deadlines.  Those factors include the time by which the claimant became aware of the seizure of the property, whether the United States encouraged a delay in filing a claim, the general reasons for the delay, whether the United States would be prejudiced by the late filing of a claim and

3

answer, whether the claim and answer are sufficient to set forth a defense to the forfeiture, the timing of the motion for an extension of time, the amount of money seized, and the extent to which the claimant's attorney, as opposed to the claimant, was at fault for the late filing.  See generally United States v. $125,938.62, 370 F.3d 1325 (11th Cir. 2004).  That court, in turn, cited favorably the district court decision in United States v. One (1) 1979 Mercedes, 651 F.Supp. 351 (S.D. Fla. 1987), a district court case which has also been cited by other Courts of Appeals which apply a multi-factored test to determine when an extension of time is appropriate.  See United States v. United States Currency In The Amount of $103,387.27, 863 F.2d 555 (7th Cir. 1988);  see also United States v. Fifty One Pieces of Real Property, 17 F.3d 1306 (10th Cir. 1994); United States v. 1982 Yukon Delta Houseboat, 774 F.2d 1432 (9th Cir. 1985).  The Court of Appeals for the Sixth Circuit has suggested, at least indirectly, that the same standard applies to cases within this circuit.  See United States v. One Assortment of Eighty-Nine Firearms and Six Hundred Thirty-Eight Rounds of Ammunition, 846 F.2d 24, 27 n.2 (6th Cir. 1988).  The Court of Appeals has also suggested that in order to exercise its discretion appropriately, the trial court should engage in a traditional Rule 15 analysis of requests to amend or correct filings in forfeiture cases and determine whether the United States was aware of the claimant's interest in the property and whether it would be prejudiced by any amendment to either the answer or the claim.  See United States v. Currency $267,961.07, 916 F.2d 1104 (6th Cir. 1990).

   The current record is insufficient for the Court to make a determination as to whether it should permit Ms. Littlefield-Moxley to file either a late answer or a late verified claim.  It is undisputed that she filed a verified claim with the seizing agency shortly after the property was first seized, but filing

such a claim is not a substitute for filing a verified claim after the institution of civil litigation.  It is unclear why such a substantial delay occurred in the filing of either the answer or the verified claim.  Although her counsel makes certain representations about Ms. Littlefield-Moxley's health and residence status, there is no affidavit or other evidence before the Court supporting those assertions and the Court therefore is unable to give them significant weight.  Further, neither party cited any of the cases set forth above or argued, under the legal standards set forth in those cases, whether the Court would be justified in exercising its discretion in favor of either granting an extension or declining to grant that extension. Consequently, the Court is simply not in a position to make an informed decision as to whether Ms. Littlefield-Moxley should be permitted to file an answer and a verified claim or whether, through her conduct, she has essentially waived the right to do so.

III.

Based upon the foregoing, the motion of the United States to strike the answer (#13) and the motion of the claimant for an extension of time to file a verified claim (#20) are both denied. Within fifteen days of the date of this order, Ms. Littlefield-Moxley shall, if she intends to contest this forfeiture, file a motion for extension which addresses the above factors and provides evidentiary support for any facts at issue.  The United States may respond within fifteen days thereafter.  If Ms. Littlefield-Moxley fails to file such a motion, the Court will strike her answer and permit the United States to request the entry of a default order of forfeiture.

/s/ Terence P. Kemp
United States Magistrate Judge